UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

SOUTH BEND DIVISION

DEMETRIUS SLOAN

655 Northchester Lane

Lafayette, IN 47909

Plaintiff,



3:25cv725

v.

Case No. _____

WARNER MUSIC GROUP CORP.

1633 Broadway

New York, NY 10019

Defendant.

COMPLAINT FOR COPYRIGHT INFRINGEMENT, BREACH OF IMPLIED CONTRACT, FRAUDULENT CONCEALMENT, CONTRIBUTORY AND VICARIOUS INFRINGEMENT, ACCOUNTING, DECLARATORY AND INJUNCTIVE RELIEF, AND UNJUST ENRICHMENT; DEMAND FOR JURY TRIAL

**I. JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as this action arises under the laws of the United States, including the Copyright Act, 17 U.S.C. § 101 et seq.

2. This Court also has jurisdiction under 28 U.S.C. § 1338(a) because this case involves claims arising under federal copyright law.

1

3. This Court also has supplemental jurisdiction over Plaintiff's related state-law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this District and Plaintiff resides here.

## II. PARTIES

5. Plaintiff Demetrius Sloan is a resident of Lafayette, Indiana.

6. Defendant Warner Music Group Corp. is a multinational entertainment and record label conglomerate headquartered at 1633 Broadway, New York, NY 10019.

## III. FACTUAL ALLEGATIONS

7. In the summer of 1990, Plaintiff met Carl Mcintosh, producer of the UK R&B group Loose Ends, in downtown Chicago. After several conversations, Mcintosh offered to teach Plaintiff music production.

8. Plaintiff worked in a Westside Chicago studio with Mcintosh for several months, learning production skills and creating music.

9. Mcintosh introduced Plaintiff to Joi Marshall and Tonya Kelly, then members of a group called "The Cherry Ladies." Plaintiff proposed renaming them "Jade" and began producing their demo.

10. Plaintiff wrote and produced "Don't Walk Away," "I Wanna Love You," and "I Want 'Cha Baby" for the group's demo. After Jade signed a record deal, Plaintiff also produced the tracks "One Woman" (producer/writer), "Rock Steady," "Do Me Baby," and "Don't Ask My Neighbor" (although he did not write the latter three).

11. Giant Records, a Warner-affiliated label, signed Jade and added Di Reed to the group. Plaintiff re-recorded songs with Reed and completed additional tracks for their debut album Jade to the Max.

12. Plaintiff named the album Jade to the Max and contributed to most of its musical content. He was later informed that his name would be removed from the album's credits and that he would receive no compensation, despite Giant Records' earlier assurances.

13. August 31, 1993, BET aired a televised Jade Listening Party during which Plaintiff was acknowledged on-air as a key creative contributor, further confirming industry awareness of Plaintiff's authorship.

14. Plaintiff, then only 18 years old, did not understand his legal rights and relied on trust rather than formal agreements.

15. The songs Plaintiff wrote or produced have generated substantial revenue from sales, radio airplay, and streaming over decades, with no compensation to Plaintiff.

16. Plaintiff's ownership share is calculated as 63.4% of the album's qualifying revenues, amounting to **$4,326,509 million USD** in actual damages.

## IV. CLAIMS FOR RELIEF

### COUNT I — COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)

17. Plaintiff incorporates by reference all preceding paragraphs.

18. Plaintiff is the sole author of the musical compositions "Don't Walk Away," "I Wanna Love You," and "I Want 'Cha Baby" and "One Woman". He also produced the recordings of "Rock Steady," "Do Me Baby," and "Don't Ask My Neighbor."

19. Defendant has reproduced, distributed, publicly performed, and profited from Plaintiff's works without authorization, in violation of 17 U.S.C. § 106.

20. Each act of infringement was willful under 17 U.S.C. § 504(c)(2).

21. See Sony Corp. of America v. Universal City Studios, Inc., 464 U.S. 417 (1984); Fitzgerald Pub. Co. v. Baylor Pub. Co., 807 F.2d 1110 (2d Cir. 1986).

**COUNT II — UNJUST ENRICHMENT**

22. Defendant has been unjustly enriched by using and profiting from Plaintiff's creative works without providing any compensation to Plaintiff.

23. Indiana law recognizes a claim for unjust enrichment when a measurable benefit has been conferred on the defendant and retaining that benefit without payment would be unjust. See Bayh v. Sonnenburg, 573 N.E.2d 398 (Ind. 1991).

**COUNT III — FRAUDULENT CONCEALMENT**

24. Defendant intentionally concealed Plaintiff's royalty rights and publishing entitlements.

25. Plaintiff did not discover these concealed facts until March 2023.

26. See Holmberg v. Armbrecht, 327 U.S. 392 (1946).

**COUNT IV — ACCOUNTING**

27. Plaintiff is entitled to a full accounting of all sales, licenses, and royalty payments concerning the works.

28. Defendant has failed to account to Plaintiff despite owing a fiduciary or contractual obligation.

29. See F.W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228 (1952).

**COUNT V — BREACH OF IMPLIED CONTRACT**

30. Plaintiff performed valuable services and delivered creative works to Defendant with the expectation of credit and payment.

31. Defendant accepted and used those works.

32. These facts give rise to an implied-in-fact contract under Indiana law. See Wagner v. Spurlock, 803 N.E.2d 1174 (Ind. Ct. App. 2004).

33. Defendant breached this contract by failing to compensate Plaintiff.

**COUNT VI – CONTRIBUTORY AND VICARIUOS INFRINGMENT**

34. Defendant knowingly induced and benefited from the infringement.

4

35. See *Gershwin Publ'g Corp. v. Columbia Artists Mgmt.*, 443 F.2d 1159 (2d Cir. 1971).

36. See *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259 (9th Cir. 1996).

**COUNT VII – DECLARATORY AND INJUNCTIVE RELIEF**

37. Plaintiff seeks a declaration of ownership of the seven works authored and produced by Plaintiff and an injunction barring further exploitation without credit and compensation.

38. See *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006).

**V. DAMAGES**

Based on Plaintiff's authorship of four musical compositions and production of seven songs on the album, Plaintiff is entitled to mechanical royalties, producer royalties, and additional income from radio airplay and streaming. Specifically:

- Mechanical royalties on seven compositions amount to approximately **$637,000**.
- Producer royalties on seven of the eleven tracks (at 3% of a $7 wholesale price per unit, with one million units sold) amount to approximately **$133,636**.
- Radio royalties are estimated at approximately **$300,000**; and
- Streaming royalties from approximately 140,000,000 plays worldwide, valued at prevailing industry rates ($0.003–$0.004 per stream), amount to **$420,000 to $560,000** in then current dollars.

The combined subtotal of these unpaid royalties and profits is approximately **$1,630,636** in then current dollars. When compounded at 5% annually over a period of twenty years, Plaintiff's damages equal approximately **$4,326,509 million USD.**

Accordingly, Plaintiff seeks judgment in an amount **not less than $4,326,509**, together with punitive damages, pre- and post-judgment interest, costs, and attorney's fees. Plaintiff reserves the right to amend this calculation after a full accounting of Defendant's profits.

   a. Actual damages in the amount of not less than $4,326,509 (representing Plaintiff's 63.4% share of profits from sales, radio airplay, and streaming).

   b. Punitive damages in the amount of two to three times compensatory damages for willful infringement and misconduct.

**VI. JURY DEMAND**

40. Plaintiff demands a trial by jury on all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendants, and grant the following relief:

A. Award Plaintiff actual damages in an amount **not less than $4,326,509**;
B. Award punitive damages in an amount at least two to three times compensatory damages, or as otherwise determined by the Court or jury;
C. Award pre- and post-judgment interest;
D. Order Defendants to provide a full accounting of profits derived from the exploitation of Plaintiff's works;
E. Award costs, attorney's fees, and such other relief as the Court deems just and proper.

DATED: August 19, 2025

Respectfully submitted,

*Demetrius Sloan*

Demetrius Sloan

Pro Se Plaintiff

655 Northchester Lane

Lafayette, IN 47909

Phone: (312) 581-6067

6