UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEMETRIUS SLOAN,<br><br>Plaintiff,<br><br>v.<br><br>WARNER MUSIC GROUP CORP,<br><br>Defendant. | Case No. 3:25-CV-725-CCB-AZ |

**OPINION AND ORDER**

This order concerns Magistrate Judge Zanzi's Report and Recommendation on Defendant Warner Music Group, Corporation's motion to dismiss. Plaintiff Demetrius Sloan has responded to Judge Zanzi's Report, requesting venue transfer and leave to amend his complaint. The Court now rules on the issues.

**BACKGROUND**

Plaintiff Demetrius Sloan sued Defendant Warner Music Group, Corporation ("Warner") on August 25, 2025, alleging that Giant Records, a label affiliated with Warner, used his extensive contributions in writing, recording, and producing songs on the 1992 Album *Jade to the Max*, but then removed his name from the album's credits and refused to pay him any compensation. (ECF 1). Plaintiff alleges that there was no formal agreement as he was 18 at the time and did not understand his legal rights, simply trusting that there was an implicit contract between himself and Warner's label. (*Id.* ¶ 14). Defendant alleged copyright infringement (Count I), Unjust Enrichment (Count II), Fraudulent Concealment of his rights (Counts III and VI), and Breach of

Implied Contract (Count V). (ECF 1 at 3–6). He requests an accounting of his fair share of all sales, licenses, and royalty payments concerning the songs (Count IV), and additionally requests declaratory and injunctive relief regarding his rights. (*Id.*). Warner moved to dismiss under Rule 12(b)(2) and (6) on February 23, 2026, arguing that there was no personal jurisdiction in Indiana and that Plaintiff failed to plead any viable causes of action. (ECF 22). On April 2, 2026, the Court referred Defendant's motion to Magistrate Judge Abizer Zanzi to prepare a report and recommendation. (ECF 33). The Magistrate Judge issued the Report on July 31, 2026. On August 21, 2026, Plaintiff requested leave to file an amended complaint and that this court transfer this case to the proper venue. (ECF 43).

## STANDARD

The Court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), which provide that a district judge shall make a de novo review of all objected portions of the report. Here, Defendant argues that Plaintiff waived any objection by failing to timely file within the 14-day objection period. But an untimely objection does not alter the fact that this Court may conduct its own independent review of the Magistrate Judge's decision at any time under its own authority. *See Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 760 (7th Cir. 2009). Furthermore, Plaintiff's filing is not obviously best characterized as an objection. Rather than merely objecting to the reasoning or conclusion of the Magistrate Judge's Report, it requests venue transfer and leave to amend the complaint, implicitly accepting the Magistrate Judge's conclusions regarding

jurisdiction and pleading. *See Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) ("Pro se complaints are liberally construed"). The Magistrate Judge's Report did not address the question of venue transfer under 28 U.S.C. § 1406(a). Thus, this Court will review the report *de novo*, addressing the venue transfer question in its analysis.

## ANALYSIS

The Magistrate Judge's Report reasoned that there was no personal jurisdiction over Defendant because Plaintiff did not allege that his claims were related to Defendant's contacts with the forum state of Indiana in a manner sufficient to create specific jurisdiction, nor did Defendant have contacts "so continuous and systematic as to render [it] essentially at home in the forum State [of Indiana]" for purposes of general jurisdiction. (ECF 41 at 5) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). This reasoning is sound. Plaintiff's complaint did not allege that any events forming the basis for his claims occurred in Indiana, and in fact acknowledged that the only reason he filed in Indiana was that it was more geographically convenient for him. (ECF 30 at 2). Plaintiff alleges that Defendant sold records across the United States. But the general sale of records in this country is not sufficiently related to Defendant's alleged acts in this case to give rise to specific jurisdiction in Indiana. *See Hillstrom v. Best Egg, Inc.*, No. 25-CV-19-JDP, 2025 WL 2977985, at *2 (W.D. Wis. Oct. 22, 2025); *Kraft Chem. Co. v. Salicylates & Chemicals Priv. Ltd.*, No. 14 C 04186, 2016 WL 11942915, at *1 (N.D. Ill. Oct. 31, 2016).

The lack of personal jurisdiction in this case makes it clear that this is not the proper venue. (ECF 8–10). *See Newcourt Linc Fin., Inc. v. Allwire, Inc.*, No. 96 C 5601, 1997

WL 119973, at *2 (N.D. Ill. Mar. 14, 1997) ("It is axiomatic that venue is improper in a court that lacks personal jurisdiction over one or more named defendant.") (citing 28 U.S.C. §§ 1391(a), (b)). Still, even when personal jurisdiction is lacking, courts have authority to determine whether transfer to another proper venue is appropriate under 28 U.S.C. 1406(a). *Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962). The Court will now make that determination.

**A. Whether Transfer is Appropriate**

The most obvious transferee court would be the Northern District of Illinois, because the main bulk of Plaintiff's claims center on events in Chicago. (ECF 1). To determine whether transfer is appropriate, the Court must ascertain (1) whether the transferee venue would have personal jurisdiction and (2) whether a transfer would be in the interest of justice. *See* 28 U.S.C. § 1406(a).

**1. Transferee Personal Jurisdiction**

First, this Court must determine whether this case "could have been brought" in the transferee court—in this case, the Northern District of Illinois. 28 U.S.C. § 1406(a). Here, that question turns on whether the Northern District of Illinois would have personal jurisdiction. Warner asserts that "Sloan has presented no evidence that Warner's contacts with Illinois are any different." (ECF 44 at 5). But many of the events forming the basis for Plaintiff's complaint took place in Chicago, including the production of the album *Jade to the Max* and his interactions with record label personnel.

Warner also asserts that the entirety of the events in Chicago involved only "Giant Records," which is a separate entity from Warner itself. But this does not resolve

the question. Warner could easily be liable if it was involved in the corporate acts of its label, independently interacted with Plaintiff, acted as an apparent owner, or used the label as an alter ego. *See United States v. New York Great Atl. & Pac. Tea Co.*, 173 F.2d 79, 89 (7th Cir. 1949). Thus, there is a legitimate question of fact as to whether Illinois would have personal jurisdiction over Defendant. Generally, under 28 U.S.C. § 1406(a), a court must determine with certainty that the transferee court would have personal jurisdiction—a mere likelihood of jurisdiction is not sufficient. *See Haddad v. ITT Indus., Inc.*, No. 1:05-CV-370-TLS, 2006 WL 2435560, at *2 (N.D. Ind. Aug. 22, 2006). However, this case poses a unique circumstance. Courts will not grant a motion to dismiss based on jurisdiction in circumstances where "jurisdictional issues are inextricably intertwined with the merits of the case," and will proceed to the merits instead. *See Hazel v. Curtiss-Wright Corp.*, No. IP 86-909-C, 1990 WL 482125, at *1 (S.D. Ind. May 15, 1990) ("Although the question of personal jurisdiction should normally be decided before reaching the merits, in this case, resolution of the personal jurisdiction question turns on the merits of plaintiffs' ERISA claim. Thus, personal jurisdiction will be discussed last"); *Gulf Oil Corp. v. Copp Paving Co.*, 419 U.S. 186, 213 n. 10 (1974) (Douglas, J., dissenting) (noting in dissent on an unrelated issue that "if the jurisdictional issue is closely intertwined with or dependent on the merits of the case, the preferred procedure is to proceed to a determination of the case on the merits"); *Weidner Commc'ns, Inc. v. H.R.H. Prince Bandar Al Faisal*, 859 F.2d 1302, 1310 (7th Cir. 1988) ("where jurisdictional issues and substantive issues are so intertwined that the issue of jurisdiction is dependent on resolution of factual issues going to the merits, the

determination of jurisdiction should await the determination of relevant facts on either a motion on the merits or at trial.").

Here, Warner's argument that it is not subject to personal jurisdiction in Illinois rests on genuine issues of fact regarding their communications with Plaintiff, its actions in Illinois, and its relationship with the Giant Records label. These questions also concern the merits of the case, because they are the same factual questions that bear on Plaintiff's contract and fraud claims. It would thus be appropriate to proceed to the merits on Plaintiff's claims, rendering transfer proper under 28 U.S.C. § 1406(a).

**2. Interest of Justice**

When evaluating transfer under 1406(a), a Court must also determine whether it is in "the interest of justice" to transfer a case. Here, the Magistrate Judge found significant issues with Plaintiff's copyright claims based on the statute of limitations and Plaintiff's failure to register his copyright. (ECF 41 at 10–12). While this Court does not have authority to dismiss those claims with prejudice as recommended by the Magistrate Judge,[1] the Court agrees that they appear tenuous. Still, the Court agrees with the Magistrate Judge's finding that there is no reason to dismiss Plaintiff's contract and fraud claims with prejudice. (*Id.* at 15). Moreover, it is likely that the basis for

---

[1] The Court will gauge the sufficiency of Plaintiff's claims for purposes of § 1406(a), but it cannot make a ruling on the merits because there is no personal jurisdiction. *See Sikhs for Just. v. Badal*, 736 F.3d 743, 751 (7th Cir. 2013) ("For without personal jurisdiction, a court has no authority to adjudicate a case on the merits.").

dismissing those claims would depend on Illinois rather than Indiana state law[2]—placing that question beyond the briefing before the Court. Here, there are genuine questions of fact regarding the meritoriousness of Plaintiff's claims, especially his contract and fraud claims, and there is no immediate reason to think that those claims would fail at the dismissal stage in the proper venue. The Court determines that transfer is in the interest of justice.

**B. Request to Amend the Complaint**

Plaintiff's request to amend the complaint is reasonable. In the new venue, choice of law could well determine that his claims are under Illinois law rather than the claims made under Indiana law in the original complaint. *See Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941). However, with the case being transferred, the question of whether Plaintiff should be given leave to file an amended complaint is best placed within the discretion of the transferee court judge. Upon transfer of the case, Plaintiff may make a renewed motion to amend the complaint in the new venue.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (in part). (ECF 41). The Court agrees with the Magistrate Judge's finding of lack of personal jurisdiction. However, the Court finds that it is in the interest of justice to transfer the case under 28 U.S.C. § 1406(a). Thus, the Clerk of Court is **ORDERED** to **TRANSFER** this case to the Northern District of Illinois. As a result,

[2] *See supra* Part B.

Defendant's motion to dismiss is **DENIED** (ECF 22), and Plaintiff's request for leave to amend is **MOOT** (ECF 43).

SO ORDERED on September 17, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT